## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**RONALD D. SMITH,**

           **Petitioner,**

**v.**                             **Civil Action No. 3:19-CV-125
(GROH)**

**DONNIE AMES, Superintendent,**

           **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On August 5, 2019, Petitioner, acting pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   ECF No. 1.  The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

### II. FACTUAL AND PROCEDURAL HISTORY

#### A.      Conviction and Sentence in State Court[1]

In the Circuit Court of Berkeley County, West Virginia, case number 11-F-136, Petitioner was convicted of two counts of sexual abuse by a parent, guardian, or custodian, and one count of sexual assault in the third degree.  2013 WL 3184769, at *1.

---

[1]  The information in sections II.A., II.B., II.C. and II.D. is taken from the unpublished Memorandum Decision of the State of West Virginia Supreme Court of Appeals, docket number 12-0955, which is available at http://www.courtswv.gov/supreme-court/memo-decisions/spring2013/12-0955memo.pdf, State v. Smith, 2013 WL 3184769 (W.Va. June 24, 2013) and the unpublished Memorandum Decision in docket number 17-1099, which is available at http://www.courtswv.gov/supreme-court/memo-decisions/spring2019/17-1099memo.pdf, Ronald S. v. Ames, 2019 WL 181466 (W.Va. Jan. 14, 2019). Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Petitioner was sentenced on July 9, 2012 to two terms of not less than ten nor more than twenty years and one term of not less than one nor more than five years, all of which were to be served consecutively to one another, for an aggregate indeterminate sentence of not less than twenty-one nor more than forty-five years in prison.  Id. at *2.

### B.    Direct Appeal of State Conviction

In his direct appeal, Petitioner argued that the Circuit Court committed six separate errors when it: (1) denied his motions for judgment of acquittal and for a new trial based on insufficiency of evidence to support his convictions; (2) admitted evidence pursuant to Rule 404(b); (3) admitted evidence of other uncharged acts by petitioner against the victim; (4) admitted evidence of two telephone calls; (5) admitted evidence about Petitioner's police interrogation; and (6) denied his motion for a new trial.  2013 WL 3184769, at *3 – 6.  The West Virginia Supreme Court of Appeals affirmed Petitioner's conviction and sentence on June 24, 2013.

### C.    State Habeas Corpus Petition

Petitioner, acting pro se, on September 26, 2014, filed a petition for habeas corpus in Berkeley County Circuit Court in case number 14-C-655.  2019 WL 181466 at *1. Following appointment of counsel, petitioner filed an amended petition on March 1, 2017. Id.  The amended petition alleged twenty-eight grounds for relief, "one of which was ineffective assistance of counsel, due to counsel's alleged failure to communicate a plea offer to him."  Id.  In a 37-page order entered on November 16, 2017, the Circuit Court denied Petitioner's amended petition.  Id., and Court's Exhibit A.  The Circuit Court listed Petitioner's claims as follows:

2

(1) qualification of the jury;

(2) jury deliberations – possible prejudicial effect of juror terminated from job during critical stage of trial;

(3) indictment shows no offense committed;

(4) prejudicial pretrial publicity;

(5) denial of right to speedy trial;

(6) mental competency at time of crime;

(7) incapacity to stand trial due to drug use;

(8) consecutive sentences for same transaction;

(9) coerced confessions;

(10) suppression of helpful evidence by prosecution;

(11) state's knowing use of perjured testimony;

(12) erroneous information on pre-sentence report;

(13) ineffective assistance of counsel;

(14) double jeopardy;

(15) irregularities in arrest;

(16) excessiveness or denial of bail;

(17) challenges to the composition of the grand jury or its procedures;

(18) refusal to turn over witness notes after witness testified;

(19) constitutional errors in evidentiary rulings;

(20) instructions to the jury;

(21) trial judge prejudicial statement;

(22) prosecutor prejudicial statement;

(23) sufficiency of evidence;

(24) defendant's absence from part of proceedings;

(25) improper communication – prosecutor and witness or jury;

(26) sentence more severe than expected;

(27) excessive sentence; and

(28) amount of time on sentence/credit for time served.

Court's Exhibit A.

### D.    State Habeas Corpus Appeal

Petitioner appealed the Circuit Court's denial of his habeas corpus relief to the West Virginia Supreme Court of Appeals in 17-1099.  2019 WL 181466.  The Supreme Court of Appeals denied relief on January 14, 2019, by unpublished memorandum decision, which affirmed the Circuit Court's November 16, 2017, order denying Petitioner's amended petition for the writ of habeas corpus.  Id.  The Supreme Court of Appeals specifically addressed only the ineffective assistance of counsel claim related to counsel's alleged failure to communicate a plea offer to Petitioner.  Id. at *1.

### E.    Instant Federal Habeas Corpus Petition

Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on August 5, 2019.  ECF Nos. 1.  Therein, Petitioner alleges the following twenty-eight grounds for relief:

(1) qualification of the jury;

(2) jury deliberations – possible prejudicial effects of juror threatened with termination during critical stage;

(3) indictment shows no offense;

(4) prejudicial pretrial publicity;

(5) speedy trial violation;

(6) mental competency at time of trial;

(7) incapacity to stand trial due to drug use;

(8) consecutive sentences;

(9) coerced confession;

(10) suppression of helpful evidence by prosecutor;

(11) state's knowing use of perjured testimony;

(12) information on pre-sentence report contained errors;

(13) ineffective assistance of counsel;

(14) double jeopardy;

(15) irregularities in arrest;

(16) excessive [bail] or denial of bail;

(17) challenges to composition or procedure of the grand jury;

(18) refusal to turn over witness notes;

(19) constitutional errors in evidentiary rulings;

(20) instructions to the jury;

(21) trial judge prejudicial statement;

(22) prosecutor's prejudicial statement;

5

(23) sufficiency of evidence;

(24) defendant was absent from part of proceedings;

(25) improper communication between prosecutor and witness or jury;

(26) severer sentence than expected;

(27) excessive sentence; and

(28) amount of time on sentence/credit for time served.

ECF No. 1 at 17 – 23. Petitioner states that he "believe[s] all thr grounds have been raised in state court." Id. at 24.

### III.  LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA.  DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).  The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000).  A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court

7

precedent and arrives at a result opposite to the Supreme Court's." <u>Lewis v. Wheeler</u>, 609 F.3d 291, 300 (4th Cir. 2010) (quoting <u>Williams</u>, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." <u>Id.</u> at 300-01 (internal marks omitted). Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

## IV. ANALYSIS

Petitioner seeks the writ habeas corpus herein upon twenty-eight grounds which have all previously been raised and decided in the Circuit Court of Berkeley County, West Virginia, on November 16, 2017. Moreover, that decision was later affirmed by the Supreme Court of Appeals of West Virginia in its memorandum decision filed January 14, 2019. The Supreme Court of Appeals specifically found no merit to Petitioner's claim that his counsel was ineffective, due to an alleged failure to communicate a plea offer to him, and otherwise affirmed the decision of the Circuit Court. 2019 WL 181466 at *1.

Accordingly, Petitioner is not, under the plain language of the statute, entitled to relief under 28 U.S.C. § 2254(d). Petitioner's claim was previously adjudicated on the merits in state court proceedings, both in the Circuit Court and in the Supreme Court of Appeals. Pursuant to § 2254(d) such a claim "shall not be granted." Additionally, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2). Petitioner has not shown any unreasonable application of federal law which occurred in

8

the state proceedings, nor does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.  Instead, Petitioner merely raises the same twenty-eight claims that he has previously raised unsuccessfully in state court.

However, when the Supreme Court of Appeals of West Virginia considered Petitioner's state habeas corpus appeal on the merits,[2] its denial of relief did not include any determination which is inconsistent with federal law or any decision of the Supreme Court of the United States.  Because Petitioner fails to demonstrate that the decision of the state court is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court, Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254(d).

## V.  RECOMMENDATION

Based upon a review of the record, this Court **RECOMMENDS** that the District Court enter an Order which **DENIES WITH PREJUDICE** Petitioner's §2254 Petition for habeas corpus [ECF No. 1], which should thereafter be dismissed from the docket.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

---

[2] Even when a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law.  Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001).  However, the federal court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        October 25, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

10